**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| | : | |
| **EDESA CISCAR,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | **C.A. No.:  3:26-cv-937** |
| **v.** | : | |
| | : | |
| **SENTRICS, LLC,** | : | |
| | : | |
| *Defendant.* | : | |
| | : | **JUNE 11, 2026** |

**COMPLAINT**

I.      **PRELIMINARY STATEMENT**

1.      This action seeks declaratory and equitable relief, monetary relief and statutory damages, costs and attorney's fees for the damages sustained by the Plaintiff as a result of the Defendant's interference with the rights guaranteed to the Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Equal Pay Act, 29 U.S.C. § 206 (d)(1) and the herein-cited State Statutes.

II.     **JURISDICTION**

2.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 *et seq.*, and supplemental jurisdiction over the remaining State law claims pursuant to 28 U.S.C. § 1367 *et seq.*

3.      Damages are sought pursuant to 42 U.S.C. § 2000e, *et seq., * 29 U.S.C. § 206 (d), *et seq*., Connecticut General Statute § 46a-60, *et seq*., Connecticut General Statute § 31-72 and Connecticut General Statute § 31-76.

1

4. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, *et seq.,* 29 U.S.C. § 206 (d), *et seq.*, Connecticut General Statute § 46a-60, *et seq.*, Connecticut General Statute § 31-72 and Connecticut General Statute § 31-76.

### III.    VENUE

5. Venue of this action lies in the District of Connecticut pursuant to 28 U.S.C. § 1391 *et seq*.

### IV.    PARTIES

6. Plaintiff, Edesa Ciscar (hereinafter "Plaintiff"), is a resident of the State of Connecticut.

7. Defendant, Sentrics, LLC (hereinafter "Defendant"), is a limited liability company transacting business in Connecticut.

### V.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On or about October 3, 2025, Plaintiff filed Charges of Discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the U.S. Equal Employment Opportunity Commission ("EEOC") based upon gender and equal pay violations against Defendant.

9. The CHRO and EEOC issued Releases of Jurisdiction on March 19, 2026 and May 4, 2026, respectively.

10. This action has commenced within ninety (90) days from the date of said Releases of Jurisdiction.

**COUNT I: TITLE VII (Gender Discrimination)**

11. Plaintiff identifies as female.

12. Defendant is in the business of selling to customers, which includes senior living facilities, technological hardware and software that is intended to provide a multitude of services such as advanced sensors, eCall systems and real-time location technology.

13. On or about June 20, 2022, Defendant hired Plaintiff as its Regional Vice President.

14. Defendant paid Plaintiff a base salary of $85,000.00 per year.

15. Defendant assigned Plaintiff job duties and responsibilities which included, but were not limited to, securing major contracts for Defendant with respect to the sale of the aforementioned technological hardware and software to customers.

16. In addition to her base pay, Defendant paid Plaintiff commissions based on the gross sales attributed to her aforementioned sales activities.

17. Upon information and belief, once the Plaintiff finalized the sales contract with the customer, Defendant was required to ship and/or install the purchased technological hardware and/or software to its customer.

18. Plaintiff was not responsible, in any way, with the shipment and/or installation of the products ordered by Defendant's customers.

19. As stated *supra*, Defendant paid Plaintiff commissions on sales she closed with its customers.

20. Most of the sales completed by Plaintiff required customers to pay Defendant the contract sales price in installments.

21. As per its practice and custom, Defendant paid Plaintiff her commissions on the sales contracts at the time Defendant received each installment payment.

22. Through no fault of Plaintiff, Defendant frequently delayed its shipments and installations of the products to customers, including those products which were the subject of the sales that were closed by Plaintiff.

23. In addition to the aforementioned delays, Defendant also received complaints from customers that the products they sold would malfunction or were otherwise defective.

24. Between 2023 and 2024, Complainant successfully closed significant sales that generated more than $2.2 million in projects for Defendant.

25. Despite her completion of those sales, Defendant has failed and/or refused to pay Plaintiff her total commissions.

26. On July 14, 2025, Defendant terminated Plaintiff's employment.

27. Defendant has claimed that Plaintiff's termination was due to the fact that she did not meet set performance standards.

28. In addition to terminating her employment, Defendant has refused to pay her the commissions she earned prior to her termination.

29. Defendant's decision to terminate Plaintiff for failing to meet performance standards is pretext for gender discrimination.

30. As an example of discriminatory treatment, at least one other male employee was not on target to meet his performance standards, yet he was not terminated.

31. Defendant's failure and/or refusal to pay Plaintiff those commissions she earned before her termination is pretext for gender discrimination

32. As an example of discriminatory treatment, at least one other male employee, who was terminated by Defendant, was in fact paid his commissions, post-termination, for sales he made pre-termination.

33. Defendant's decision to terminate Plaintiff for alleged performance issues is pretext for impermissible gender discrimination.

34. Defendant's decision to refuse to pay Plaintiff commissions that she earned pre-termination is pretext for impermissible gender discrimination.

35. Plaintiff's gender was at least a motivating factor in Defendant's decision to terminate her employment.

36. Plaintiff's gender was at least a motivating factor in Defendant's decision to improperly withhold her commission payments.

37. By the aforesaid actions, Defendant has violated Title VII by terminating Plaintiff and refusing to pay her those earned commissions.

38. Plaintiff has been harmed as a direct and proximate result of Defendant's intentional conduct.

## COUNT II: Conn. Gen. Stat. § 46a-60 (Unlawful Termination based on Gender)

39. Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth herein.

40. By the aforesaid actions, Defendant has violated Conn. Gen. Stat. § 46a-60 by terminating Plaintiff due, in part or in whole, to her gender.

41. By the aforesaid actions, Defendant has violated Conn. Gen. Stat. § 46a-60 by failing and/or refusing to pay Plaintiff her earned commissions due, in part or in whole, to her gender.

42.    Plaintiff was damaged as a direct and proximate result of Defendant's intentional conduct.

**COUNT III: 29 U.S.C. § 206(d) (Equal Pay Act Violation)**

43.    Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth herein.

44.    As stated *supra*, Plaintiff's job responsibilities included securing major contracts for Defendant with respect to the sale of aforementioned technological hardware and software to customers.

45.    Plaintiff had sufficient experience and qualifications in order to perform these job duties and responsibilities.

46.    In addition to Plaintiff, Defendant also employed other male employees who performed the same work.

47.    The work performed by Plaintiff and those comparator male employees required substantially similar skill, effort and responsibilities.

48.    The work performed by Plaintiff and the comparator male employees was performed under similar working conditions.

49.    The Plaintiff's job duties and those of the comparator male employees are not substantially different.

50.    Plaintiff had equal to, if not greater, experience and qualifications than did the comparator male employees.

51.    Despite that which is set forth above, Plaintiff was paid at a lesser rate of pay than those comparator male employees.

6

52. Defendant's decision to pay Plaintiff at a lesser rate of pay than the comparator male employees was due, in part or in total, to her gender.

53. By the aforesaid actions, Defendant has violated the Equal Pay Act by failing and/or refusing to pay Plaintiff at the same rate of pay as the comparator male employees due, in part or in whole, to her gender.

54. Plaintiff has been harmed as a direct and proximate result of Defendant's intentional conduct.

**COUNT IV: Connecticut General Statute § 31-75 (Equal Pay Act Violation)**

55. Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth herein.

56. By the aforesaid actions, Defendant has violated Conn. Gen. Stat. § 31-75 by failing and/or refusing to pay Plaintiff at the same rate of pay as the comparator male employees due, in part or in whole, to her gender.

57. Plaintiff was damaged as a direct and proximate result of Defendant's intentional conduct.

58. Plaintiff hereby invokes Connecticut General Statute § 31-76 seeking an order compensating Plaintiff for damages she has sustained as a direct and proximate result of Defendant's violation of Connecticut General Statute § 31-75.

**COUNT V: Connecticut General Statute § 31-71 (Wage Violation)**

59. Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth herein.

60. As stated *supra*, part of Plaintiff's pay structure included the opportunity to earn commissions based on her sales efforts in furtherance of the Defendant's business model.

61. "Wages" are defined by Connecticut Statute as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, *commission* or other basis of calculation…" (*emphasis added*; Conn. Gen. Stat. § 31-71a(3)).

62. As such, Plaintiff's commissions are considered wages in accordance with Connecticut General Statute § 31-71a *et seq.*

63. Between calendar years' 2023 and 2024, Plaintiff successfully closed sales that generated more than $2.2 million in projects for Defendant.

64. As per her compensation package, Defendant was and is required to pay Plaintiff those commissions earned as a result of her sales efforts.

65. To date, Defendant has failed and/or refused to pay said commissions.

66. "No employer may withhold or divert any portion of an employee's wages unless (1) the employer is required or empowered to do so by state or federal law, or (2) the employer has written authorization from the employee for deductions on a form approved by the commissioner…" (Conn. Gen. Stat. § 31-71e).

67. Defendants were not empowered or required by law to withhold Plaintiff's commissions.

8

68. Defendants did not secure a written authorization on a form approved by the commissioner to withhold Plaintiff's commissions.

69. As a result, Defendant has violated § 31-71e of the Connecticut General Statutes by improperly, and without legal authorization, withholding Plaintiff's commission payments.

70. Plaintiff hereby invokes Connecticut General Statute § 31-72 seeking an order compensating Plaintiff for damages she has sustained as a direct and proximate result of Defendant's violation of Connecticut General Statute § 31-71e.

## COUNT VI: 28 U.S.C § 2201 (Declaratory Judgment)

71. Plaintiff incorporates by reference all preceding Paragraphs as if fully set forth herein.

72. As stated *supra*, Plaintiff claims that she earned commissions based on her sales activities up to the date of her termination from employment.

73. As stated *supra*, Defendant would pay Plaintiff her commission payments at the time that Defendant received payment from its customer.

74. Plaintiff claims an interest in any and all commissions from sales she concluded prior to her termination and for which the Defendant has already received payment from the applicable customers.

75. Plaintiff also claims an interest in any and all commissions from sales she concluded prior to her termination and for which the Defendants have yet to receive payment from the applicable customers.

76. By and through 28 U.S.C. § 2201, Plaintiff seeks a declaration from this Court that Plaintiff has a vested interest in commissions from sales she concluded prior

to her termination and for which the Defendants have not yet received, but may receive in the future, payment from the applicable customers and may assert a lien on any and all contractual or other agreements between Defendant and the applicable customer with respect to said vested interest.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court:

(1) declare that the actions complained of in this Complaint are unlawful;

(2) order the Defendant to re-hire and fully reinstate Plaintiff's employment, inclusive of all benefits and other conditions of employment which are available to the job title of Regional Vice President;

(3) order the Defendant to make Plaintiff whole;

(4) order that the Defendant pay Plaintiff's compensatory damages;

(5) order that the Defendant pay Plaintiff pre-judgment and post-judgment interest;

(6) order that the Defendant to amend its practices and policies with respect to any violations complained of herein and be subject to applicable monitoring by this Court or its designee to ensure compliance;

(7) retain jurisdiction of this action to ensure full compliance;

(8) declare that Plaintiff has a vested interest in future commissions earned based in future payments made by the applicable customers of Defendant;

(9) order any and all other equitable relief sought in this Complaint;

(10) order the Defendant to pay Plaintiff's costs, expenses and reasonable attorney's fees, including said costs, expenses and reasonable attorney's fees accrued during the original actions presented to the CHRO and the EEOC;

(11) grant such other legal or equitable relief to Plaintiff as the Court deems just and proper.

Respectfully submitted by,
Plaintiff,
By and through her attorney,


/s/ Daniel T. Angelone

10

Daniel T. Angelone (# CT29307)
Angelone Law Offices, L.L.C.
799 Silver Lane
2nd Floor
Trumbull, CT  06611
203-378-2979
203-375-5003 (fax)
daniel@angelonelaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| **EDESA CISCAR,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | **C.A. No.: <u>3:26-cv-937</u>** |
| **v.** | : | |
| | : | |
| **SENTRICS, LLC,** | : | |
| | : | |
| *Defendant.* | : | |
| | : | **<u>JUNE 11, 2026</u>** |

<u>**JURY TRIAL DEMANDED**</u>

Plaintiff hereby demands a trial by jury.

Respectfully submitted by,
Plaintiff,
By and through her attorney,


/s/  Daniel T. Angelone
Daniel T. Angelone (# CT29307)
Angelone Law Offices, L.L.C.
799 Silver Lane
2nd Floor
Trumbull, CT  06611
203-378-2979
203-375-5003 (fax)
daniel@angelonelaw.com

12

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EDESA CISCAR, | : |
| | : |
| *Plaintiff,* | : |
| | :     **C.A. No.:  3:26-cv-937** |
| **v.** | : |
| | : |
| SENTRICS, LLC, | : |
| | : |
| *Defendant.* | : |
| | :     **JUNE 11, 2026** |

## JURISDICTIONAL AMOUNT SUFFICIENT

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

Respectfully submitted by,
Plaintiff,
By and through her attorney,


*/s/  Daniel T. Angelone*
Daniel T. Angelone (# CT29307)
Angelone Law Offices, L.L.C.
799 Silver Lane
2nd Floor
Trumbull, CT  06611
203-378-2979
203-375-5003 (fax)
daniel@angelonelaw.com